IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CYPRESS MEDIA, INC., d/b/a, )<br>BELLEVILLE NEWS-DEMOCRAT, )<br>Defendant. )<br>_____) | Civil Action No. 3:07-cv-672<br><br>C O M P L A I N T<br>JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to an applicant, who was adversely affected by such practices. As alleged with greater particularity below, Defendant Cypress Media, Inc., d/b/a Belleville News-Democrat ("Defendant" or "Cypress") attempted to deter an application and refused to extend an offer of employment to an applicant, a qualified individual with a disability, blindness, because of his disability.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Illinois, East St. Louis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, Cypress Media, is incorporated in the State of New York.  At all relevant times, Defendant has continuously been doing business in the State of Illinois and the City of Belleville, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, the applicant filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least April 7, 2005, Defendant has engaged in unlawful employment practices in violation of Section 102(a) and 102(b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a). Such practices include, but are not limited to: attempting to dissuade a prospective applicant, Terry Walker ("Walker"), from applying and failing to extend an offer of employment to Walker because of his disability – a substantial limitation in the major life activity of seeing.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Walker of equal employment opportunities and otherwise adversely affect his status as an applicant because of his disability.

10. The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

11. The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of the applicant.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any

employment practice which discriminates on the basis of disability.

  B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C.  Order Defendant to make whole the applicant, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, hiring Walker into a position comparable to that which he applied for and with seniority dated to the time of his application, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D.  Order Defendant to make whole the applicant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, including job search and medical expenses, in amounts to be determined at trial.

  E.  Order Defendant to make whole the applicant by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9 above, including pain, suffering, emotional distress, injury to his professional reputation, inconvenience, and mental anguish, in amounts to be determined at trial.

  F.  Order Defendant to pay the applicant punitive damages for its malicious and reckless conduct, as described in paragraphs 8 and 9, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs of this action.

**JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by the Complaint.

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel
    JAMES LEE
    Deputy General Counsel
    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
    1801 L Street, N.W.
    Washington, D.C. 20507


    s/ John C. Hendrickson
    John C. Hendrickson
    Regional Attorney


    s/ Gregory Gochanour
    Gregory Gochanour
    Supervisory Trial Attorney


    s/ Ethan M. M. Cohen
    Ethan M. M. Cohen
    Trial Attorney

    EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
    Chicago District Office
    500 West Madison Street
    Suite 2800
    Chicago, Illinois 60661
    (312) 886-9078